In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1559

James Carl Higgs,

Plaintiff-Appellant,

v.

William E. Carver and James M. Wolfe,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 99-148-C-H/G--David F. Hamilton, Judge.

Submitted February 21, 2002--Decided April 1, 2002

Before Posner, Easterbrook, and Ripple,
Circuit Judges.

Posner, Circuit Judge.  This prisoner's
civil rights suit raises a multitude of
claims, but only two have sufficient
merit to warrant discussion.

While a pretrial detainee in an Indiana
county jail, Higgs got into a fight with
another inmate and was placed in
"lockdown segregation," a form of
solitary confinement. He filed a
grievance with the jail authorities, who
ten days after he had been placed in
lockdown segregation wrote him that he
had been "placed on lockdown for
repeatedly threatening and harassing
other inmates and has continued on
lockdown as he has repeatedly cussed and
attempted to intimidate correction
staff." His request for a hearing was
denied, and he spent a total of 34 days
in segregation before being allowed to
rejoin the general jail population.

A pretrial detainee cannot be placed in
segregation as a punishment for a
disciplinary infraction without notice
and an opportunity to be heard; due
process requires no less. Rapier v.
Harris, 172 F.3d 999, 1004-05 (7th Cir.
1999); Mitchell v. Dupnik, 75 F.3d 517,
524-25 (9th Cir. 1996). But no process is
required if he is placed in segregation

not as punishment but for managerial reasons. Bell v. Wolfish, 441 U.S. 520, 535-41 (1979); Rapier v. Harris, supra, 172 F.3d at 1002-06; Fuentes v. Wagner, 206 F.3d 335, 341-42 (3d Cir. 2000). Suppose for example that the only vacant cell left in the jail was in the segregation ward when a new prisoner arrived; placing him in that cell would be a managerial decision. Or suppose, coming a little closer to this case, that a prisoner was placed under particularly restrictive conditions of confinement at the jail because he was considered a suicide risk. Again, no hearing would be required. Myers v. County of Lake, 30 F.3d 847, 850 (7th Cir. 1994); Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995). Ditto if he was placed in segregation to protect himself from other prisoners, or to protect jail staff from his violent propensities. Bell v. Wolfish, supra, 441 U.S. at 547; Anderson v. County of Kern, supra, 45 F.3d at 1314; Olgin v. Darnell, 664 F.2d 107, 109 (5th Cir. 1981). As long as the purpose was indeed a preventive rather than a punitive one, he would not be entitled to notice and a hearing. Indeed a jail's failure to take steps to prevent harm to the prisoner or to other prisoners might give rise to meritorious suits against the jail. See, e.g., Swofford v. Mandrell, 969 F.2d 547, 549-50 (7th Cir. 1992). In none of these cases would a hearing be practicable, or even useful, because managerial decisions do not have the character of rulings applying legal standards to facts, the kind of rulings for which adjudicative hearings are designed.

Unfortunately we cannot determine from the record whether Higgs was placed in lockdown segregation for preventive purposes or as punishment. The statement of the jail authorities that we quoted is the only evidence, apart from the unexplained length of his detention; there is no evidence on why 34 days rather than 24 or 44. And the statement is ambiguous; its wording is equally consistent with a punitive purpose and with a preventive purpose. The case must be remanded for further proceedings on this question.

And on another as well, the plaintiff's claim that he has been a victim of retaliation. In his amended complaint,

Higgs charged that after bringing this suit he was again placed in lockdown segregation, for 11 days, to "punish" him for filing the suit. The district court dismissed this part of the complaint for failure to state a claim, on the ground that the allegation of retaliation was "conclusory" and that Higgs had "not alleged a chronology of events from which retaliation can be inferred." But as the Supreme Court and this court have emphasized, there are no special pleading rules for prisoner civil rights cases. Swierkiewicz v. Sorema, 122 S. Ct. 992, 998-99 (2002); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998) (per curiam). A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid. Nance v. Vieregge, 147 F.3d 589, 590-91 (7th Cir. 1998). All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. Beanstalk Group, Inc. v. AM General Corp., No. 01-2164, 2002 WL 406985, at *6 (7th Cir. March 15, 2002). "All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim. . . . The courts keep reminding plaintiffs that they don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). Had Higgs merely alleged that the defendants had retaliated against him for filing a suit, without identifying the suit or the act or acts claimed to have constituted retaliation, the complaint would be insufficient, cf. Muick v. Glenayre Electronics, 280 F.3d 741, 743 (7th Cir. 2002), because the defendants would not have known how torespond. But Higgs specified both the suit and the act of retaliation (namely placing him in lockdown segregation for 11 days), and this specification was enough to enable the defendants to file

an answer. See, e.g., Johnson v. Stovall, 233 F.3d 486, 489 (7th Cir. 2000). The dismissal for failure to state a claim was therefore premature.

In all but these two respects, the judgment is affirmed.

Affirmed in Part, Vacated in Part, and Remanded.